Gentlemen, we are here, and just for the record, I'm going to note that Judge Rovner is here with us also. You will see her on the monitor at the bench, and we can see her too. So good morning, Judge Rovner. Good morning. And we are now ready for the first case for today, Arendovich Investments v. NNR Global Logistics. Mr. Kaplan. Good morning, Your Honors. Counsel. May it please the Court. We're here in this status because I looked up a rule, did not find the correct rule, and filed two days late on a motion to reconsider. Automatically, it should have been a motion under Section 59, and automatically reversed to Section 60. So now we're under the standard of Section 60, which means that there's a lot of things we can't go back into to look at the record, but there's not a complete bar to looking at the record. What we can do, though, is see whether or not the district court abused its discretion. I note that the epilee on page 9 of this brief says that the motion for reconsideration shows for abuse of discretion, and this is basically what we're doing here. I cited the case of Blue, and that set forth the parameters for what is an abuse of discretion. In this case, the case was before the district court on summary judgment. Well, let's back up for a minute. As you rightly say, the only thing before us on appeal is whether the district court abused its discretion in denying what was functionally a motion under Rule 60 of the Federal Rules of Civil Procedure, and there are only certain grounds that are recognized under Rule 60, and it's very clear that a Rule 60 motion is not a substitute for a timely notice of appeal. So which Rule 60 ground do you think you fit within? This is the last one. Any other just cause for overturning the judgment is a catch-all cause, and the case law seems to support that, that Section 60 is to be looked at under equitable circumstances. Is there a substantial miscarriage of justice? If we could show a substantial miscarriage of justice, then that meets the grounds for Section 60. That's a very unbounded theory of Rule 60b-6, I think. I mean, of course, any time somebody misses a deadline, there's an opportunity that's lost, and you did miss this deadline. But I don't see why this is different from any other case where there's a missed deadline. Well, in looking at all the cases, thinking about a substantial miscarriage of justice, we won't know what that is. By the way, substantial miscarriage of justice, I think, narrows down what you're looking for under that omnibus clause. So you look at it. You know, Mr. Kaplan, you argue that Mr. Arendovitch should have been allowed to amend its post-judgment motion to better his post-judgment motion, to better discuss the special circumstances as to why it was late. But how would those circumstances have been relevant to the ability to succeed on the Rule 60b motion at all? I mean, isn't the proper focus on whether the judgment resulted from mistake, inadvertent surprise, excusable neglect, not whether the failure to timely file resulted from that? Well, when you file a motion, which you believe... I did not know at that time whether it was 59 or 60. I have to make that admission clear. But when you look at what was filed, it definitely was an attempt to make a 59 motion. But it had to revert to a 60. So then when we got before Judge Koukouros, he turned to the other side. I think I have this in the brief. I think the transcript is there, asking them to address the issues and everything else they wanted to say. And I said, can I reply? He said no. So I did nothing. However, NNR did not follow that directive. They filed a motion to strike my motion for reconsideration. I filed a response that they had more considerations in there, but that was limited to the four corners of the motion to strike, because I was told not to make anything else. Then, somehow, after my motion is on file and everybody can see it, and there's more to this than meets the eye than in the original motion, the motion to strike is withdrawn. My response to it was withdrawn. It wasn't considered by the court. It wasn't mentioned. Then there were factors there about abuse of discretion in there, which is the Section 60 grounds. If the court abuses discretion, then you can have relief under Section 60. So that was taken away. Then they go and follow what the court said, and that to which I could not respond. The question came up in the briefing, well, how come I didn't come up with another motion? I got the feeling of looking at Judge Kouros and hearing what he said, how he said it. Didn't agree with me before when he makes his directives. He says, no more pleadings. That's it. I take that. That is it. That's how I interpreted that. So I did not file anything else beyond that. Well, there really wasn't anything. I mean, having missed the deadline, you missed it, and judges are not permitted to extend that 28-day deadline, as Judge Kouros properly noted. I agree with Judge Rovner. Looking at 60B, what you are really arguing is excusable neglect. You know, you made a mistake. Everybody understands that. A mistake, inadvertent surprise, or excusable neglect. But our law about what amounts to excusable neglect isn't very favorable to you. I understand that. Maybe why you defaulted over to Part VI, but you can't use Part VI if your complaint really belongs under one of the other parts. If I may, what makes this case kind of unique from the other cases for substantial miscarriage of justice, my point before was that you can't know that unless you look at the underlying case. That just by looking at it doesn't mean that you can go and take care of every error that might be in there. The blue case I cited talked about evidentiary matters. And they said, well, the court has discretion as to whether it's in or not. And the most reasonable judgment, there is no discretion. You take it, you look at it, and see whether, and you have no discretion as to determine whether there is a substantial question of fact. And if I had filed a proper notice of appeal, it's ironic because if I had filed the appeal the same day, I wouldn't have this problem. But if I had done that, we would be looking at, and you would be looking at, is Judge Koukouras right in the summary judgment as to matters on which he has no discretion? You're now into your rebuttal. Just call your attention. I'm sorry? You're into your rebuttal time. It's okay. You can do it if you want. Well, my point is that, I'll take a few seconds on that. The motion for summary judgment was not actually lost by my client. It was won by my client. There was liability. And the judge said, yes, whatever the law provides for liability, I'm going to award that now, short circuit, and go right now to the $8,000, $5,000 for 60 skids. Go right to it. Okay. Well, what makes it substantially and mysteriously just is that we won the case, just didn't get the right amount of damages. Okay. And that's what makes it extraordinary. If we had, like other cases, lost the case completely and then came for Section 60 for some other reason, trial error. No, we're not doing that. We came because we won. Well, you didn't win the damages you wanted, but why don't you save a little time for rebuttal, and we'll hear from your opponent. Ms. Fitzgerald. May it please the court. Emily Fitzgerald for NNR Global Logistics, Inc. This appeal is limited only to whether it was an abuse of discretion for the district court to deny plaintiff's motion for reconsideration. When plaintiff failed to set forth any Rule 60B grounds for relief. The decision on summary judgment is not at issue here. NNR asked that this court affirm the decision of the district court for two reasons. First, it was not an abuse of discretion in denying the plaintiff's motion for reconsideration. Second, plaintiff forfeited the Rule 60B arguments by failing to make them. The Seventh Circuit reviews decisions on post-judgment motions, including Rule 60B, under the abuse of discretion standard. This is a very high standard, and abuse of discretion occurs only in situations where judgment is clearly against logic and fact. That was not the situation here. This standard requires the appellate court to uphold the district court's determination, as long as that determination falls within a broad range of permissible conclusions. It's not an abuse of discretion when the arguments in a 60B motion could have been addressed by the district court in the underlying case. So what your opponent is essentially arguing is we should take a peek at the underlying case only as part of the overall assessment of abuse of discretion. What's wrong with that? That's correct, Your Honor, but that's incorrect. By this court's April 12, 2018, order, this appeal is limited only to the February 22, 2018. No, I understand that, but I'm saying in assessing the ruling on the Rule 60B motion, whichever subsection we want to be talking about, 1 or 6, what your opponent is saying, you at least need to just take a quick look at it. I mean, if the case was a sure winner, that might be one thing. If the case was in balance or probably not a very good case on the point that they're making, which is the amount of the damages, they're not worried about the liability at this point. But if the judge misconstrued the Carriage of Goods by Sea Act or something else for the amount of damages, that would have been redressable had they made a timely motion. Well, Your Honor, again, this relates back to the motion to reconsider. And Plaintiff Arendovitch had the opportunity to bring that before the district court and chose not to bring that in the motion to reconsider. And so for that reason, the decision on summary judgment is not reviewable today. Is there any evidence at all in the record that Arendovitch in if he had had the opportunity to reply to your argument, you know, in support of denying the motion, is there any evidence that such a reply would have raised arguments sufficient to meet the Rule 60B standard? No, Your Honor. As this Court is aware, arguments cannot be made for the first time on reply. Arendovitch had a full opportunity to make these arguments in its initial motion to reconsider that was filed untimely in October of 2017. And as a result, anything that would have been made on reply would have been raised for the first time. Denial of plaintiff's motion for reconsideration was appropriate here because plaintiff provided no grounds for the relief. Rule 60B is not just a general request. Under the pleading standard, it must set forth, plaintiff must have set forth specific requests under that. And as Your Honors have pointed out, we're really talking about 60B1 or 60B6. Here under 60B1, plaintiff does not adequately allege excusable neglect. Excusable neglect is not met by failing to read the rules. It's not met by failing to do any research into the rules, into the timeframes provided by the federal rules. There was no ambiguities here, and there was no barriers to finding out that information. Such neglect is not excusable. The catch-all of 60B6 is an extraordinary remedy. It's used only in exceptional circumstances. Plaintiff simply has not proven that such exceptional circumstances apply, nor did plaintiff plead that before the district court in its motion to reconsider. Because this is such a high burden for plaintiff to meet, it was not an abuse of discretion for the district court to deny the motion for reconsideration here. And NNR believes that the district court's decision should be affirmed. Thank you, Your Honors. Thank you. Anything further, Mr. Kaplan? The standard that I'm working on is abuse of discretion. The court had no discretion to weigh the evidence, as he did, and the motion that I filed did point out how the court erred in handling the motion for summary judgment. The court had no discretion to ignore evidence. Now, it's one thing to look at evidence and make a judgment on it,  but one thing not to talk about at all is an abuse of discretion. If you have to address something, if you don't address it, that's an abuse of discretion. But he had no discretion to weigh it in the first place. We showed there was ample evidence in there that showed there was proof of insurance, e-mails and that type of thing. And the statement of facts did not negate anything about the underlying transaction. So the court did not consider the evidence, weighed the evidence when it was supposed to and no discretion to do that. And as far as what I could have done, should have done, well, I was there. I looked at it. I saw it. I was there. I saw the meeting with the court, and I took that as no pleadings will be necessary. And so I stopped it. And that's why it didn't happen. If I had a chance to do something, I did it. But otherwise, they couldn't have done it. And I will stand for more questions. But as I was saying, what did I say here, too? I do not mean to weigh the arguments I have in my brief, just because I talked about some of them. But that's basically it. It's abuse of discretion. He couldn't do what he did. And what makes it so substantially unjust is that we won the case. It's just a question of following the law without abusing discretion and find out whether or not we set forth facts that show that there's a question of whether there was or was not a requirement of N&R to get the insurance. We say they billed for it in their first estimate. They didn't bill for it in the last estimate, which could be worried about covering their tracks. Why would you bill for something they didn't buy? That would seem to be worse. Okay. Your time is up. Maybe I'm over time. Just a bit. But anyway, we have your brief. Thank you. We will take the case under advisement. Thank you.